# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL NO. 3:11CV584-GCM-DSC

| | |
|---|---|
| OUTDOOR LIGHTING PERSPECTIVES FRANCHISING, INC., ) ) ) ) | |
| Plaintiff, ) | **MEMORANDUM AND RECOMMENDATION** |
| ) ) | |
| v. ) ) | |
| OLP-PITTSBURGH, INC., AMY ) PERLMUTTER AND OUTDOOR ) LIVING PITTSBURGH, LLC, ) ) | |
| Defendants. ) ) ) | |

**THIS MATTER** is before the Court on Defendants Amy Perlmutter and Outdoor Living Pittsburgh, LLC's "Motion to Dismiss [for Lack of Personal Jurisdiction]" (document #26), as well as the parties' briefs and exhibits. See documents ##26-1, 28-31 and 33.

This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and the Motion is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendant's Motion be denied, as discussed below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This is an action arising from the alleged breach of a franchise agreement that included non-compete and forum selection provisions.

In February 2007, Defendant Perlmutter's husband, David Perlmutter, signed a "Franchise

Agreement" with Plaintiff on behalf of Defendant OLP-Pittsburgh, Inc. ("OLP-Pitt") to operate Plaintiff's franchise in Pittsburgh. Document #1, Ex. A. David Perlmutter served as President of OLP-Pitt and Defendant Perlmutter was Secretary.

Although Defendant Perlmutter now asserts that she gave up her corporate officer position with OLP-Pitt sometime in March 2011, David Perlmutter subsequently filed bankruptcy schedules under penalty of perjury stating that Defendant Perlmutter was the Secretary of OLP-Pitt at least through July 1, 2011. Document #30, "Declaration of Michael R. Gray" at Ex. A, p. 9. The Perlmutters' 2010 Balance Sheet states Defendant Perlmutter is a shareholder. Document #28, "Supp. Decl. Schroeder" at Ex. C. Financial statements submitted by the Perlmutters to OLP for 2010 indicate that OLP-Pitt gave loans to shareholders "David and Amy" of over $89,000 as well as shareholder distributions to "David and Amy" of over $30,000 and that the capital stock of the corporation was owned by "David and Amy." Document #28, "Supp. Decl. Schroeder" at ¶ 16, Ex. C.

> Section 14.2 of the OLP Franchise Agreement states:
>
> 14.2 The Franchisee covenants and agrees that: (f) Upon termination or expiration of the Term or any renewal Terms, or the transfer, sale or assignment of this Agreement by the Franchisee neither the Franchisee, the operating manager or the Franchisee's owners will have any direct or indirect interest (i.e., through a relative) as a disclosed or beneficial owner, investor, partner, director, officer, employee, consultant, representative or agent, for 2 years, in any Competitive Business within 100 miles of the Territory or any other franchisee's territory.

Franchise Agreement at ¶ 14.2(f). "Competitive Business" is defined as ". . . any business operating in competition with an outdoor lighting business or any business similar to the Business" ("Competitive Business"). Franchise Agreement at ¶ 14.2(e). Finally, "Business" is defined as "The business operations conducted or to be conducted by the Franchisee consisting of outdoor lighting design and installation services, using the Franchisor's System and in association

therewith the Marks." Franchise Agreement at "Definitions"(c).

Section 14.8 of the Franchise Agreement provides that:

> In the event that the Franchisee is not an individual, this Section 14 [non-compete] will also apply to the **officers**, directors, **stockholders**, partners, members, trustees, beneficiaries and/or principals of the Franchisee, the Franchisee, and any persons controlled by, controlling or under common control of the Franchisee.

Emphasis added.

OLP-Pitt also signed a separate Non-disclosure and Non-competition Agreement as Exhibit J to the OLP Franchise Agreement.

The Franchise Agreement contains a forum selection clause that establishes personal jurisdiction and venue exclusively in North Carolina for resolution of any dispute between the parties. Specifically, ¶ 21 of the Franchise Agreement states in relevant part:

> Except to the extent governed by the United States Trademark Act of 1946 (Lanham Act, 15 U.S.C. Sections 1051 et. seq.) or other applicable federal law, this Agreement shall be interpreted under the laws of the State of North Carolina, and any dispute between the parties shall be governed by and determined in accordance with the substantive laws of the State of North Carolina, which laws shall prevail in the event of any conflict of law. The Franchisee and the Franchisor have negotiated regarding a forum in which to resolve any disputes which may arise between them and have agreed to select a forum in order to promote stability in their relationship. **Therefore, if a claim is asserted in any legal proceeding involving the Franchisee, its officers or directors and the Franchisor, its officers, directors, shareholders, members, employees or Affiliates both parties agree that the exclusive venue for disputes between them shall be in the State of North Carolina and each waive any objection either may have to the personal jurisdiction of or venue in the State of North Carolina. The Franchisee irrevocably submits to the jurisdiction of such courts and waives any objection the Franchisee may have to either the jurisdiction or venue in such court.**

Franchise Agreement, ¶ 21.1. (Emphasis added.) The Non-disclosure and Non-competition Agreement executed by OLP-Pitt contains a nearly identical forum selection clause.

On October 20, 2011, Plaintiff terminated Defendants' franchise.

On November 15, 2011, Plaintiff filed its Complaint alleging that the Perlmutters[1] and OLP-Pitt are operating a competing business after termination of their franchise in violation of the Franchise Agreement's non-compete clause.

On December 5, 2011, Plaintiff filed a "Motion for Preliminary Injunction" (document #10) that is pending before the Honorable Graham C. Mullen, the District Judge to whom this case is assigned.

On December 29, 2011, Defendants filed their Motion to Dismiss for lack of personal jurisdiction. Defendants' Motion has been fully briefed and is ripe for determination.

## II. **DISCUSSION**

In evaluating a motion to dismiss for lack of personal jurisdiction, all factual disputes must be resolved in favor of the non-moving party, who must make a prima facie showing that exercise of personal jurisdiction is proper. See Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989); Vishay Intertechnology, Inc. v. Delta International Corp., 696 F.2d 1062, 1064 (4th Cir. 1982); and General Latex and Chemical Corp. v. Phoenix Medical Technology, Inc., 765 F. Supp. 1246, 1248 (W.D.N.C. 1991). In this case, Plaintiff bases the existence of personal jurisdiction upon the forum selection clause quoted above.

Forum selection clauses are prima facie valid and should be enforced when made in arms-length transactions absent some compelling reason to disregard them. See The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 9-12 (1972); Allen v. Lloyd's of London, 94 F.3d 923, 928 (4th Cir.1996). The Fourth Circuit explained that:

---

[1]David Perlmutter is not a named Defendant in this action because he has filed a Chapter 7 bankruptcy petition and is subject to the automatic stay afforded by 11 U.S.C. § 362(a).

4

> Choice of forum and law provisions may be found unreasonable if (1) their formation was induced by fraud or overreaching; (2) the complaining party 'will for all practical purposes be deprived of his day in court' because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4) their enforcement would contravene a strong public policy of the forum state.

Allen, 94 F.3d at 928 (citing Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 595 (1991) and The Bremen, 407 U.S. at 12–13).

The Supreme Court has acknowledged that "a valid forum- selection clause is given controlling weight in all but the most exceptional cases." Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 33 (Kennedy, J concurring) (citing The Bremen, 407 U.S. at 10).

Defendants cite no legal authority to avoid application of the forum selection clause. They have not argued that the forum selection clause was included in the Franchise Agreement through fraud or overreaching, or that litigation in this forum will deprive either of them of their day in court, result in fundamental unfairness, or violate public policy. See "Defendants' ... Reply Brief ..." at 10-13. Moreover, Defendants concede that Defendant OLP-Pitt is "arguably" subject to the forum selection clause. Id. at 10-11.

Defendants contend that Defendant Perlmutter is not bound by the forum selection clause because she did not sign the Franchise Agreement and because contract terms such as "officer," "stockholder," and "immediate family member" are too ambiguous to bind her to the contract in the absence of her signature. The undersigned finds that the meaning of these terms is clear and unambiguous within the context of the Franchise Agreement. Plaintiff has submitted sufficient documentation to make a prima facie showing that Defendant Perlmutter was both an officer and stockholder of OLP-Pitt, as well as a member of David Perlmutter's immediate family. For those reasons, she is bound by the terms of the forum selection clause.

Defendants have not met their "heavy burden" of demonstrating an exceptional circumstance that would grant them relief from the forum selection clause. See Carnival Cruise Lines, 499 U.S. at 595. Plaintiff has made a prima facie showing that the exercise of personal jurisdiction is proper. The undersigned respectfully recommends that Defendants' Motion to Dismiss be denied.

### I11.  RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendants Amy Perlmutter and Outdoor Living Pittsburgh, LLC's "Motion to Dismiss [for Lack of Personal Jurisdiction]" (document #26) be **DENIED**.

### IV.  NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; and to the Honorable Graham C. Mullen.

**SO ORDERED AND RECOMMENDED.**

Signed: January 26, 2012

David S. Cayer
United States Magistrate Judge